IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
WINSTON SALEM DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| JOSEPH EDWARD PANKO, JR. and | ) | |
| SUSAN ADAMS PANKO, | ) | Case No: 16-51288 |
| | ) | |
| Debtors. | ) | |
| | ) | |

## <u>OBJECTION TO PROOFS OF CLAIM</u>

NOW COME the Debtors, by and through counsel, pursuant to Rule 3001 and Rule 3007 of the Federal Rules of Bankruptcy Procedure, respectfully requesting that this Court disallow the proof of claim filed by Cavalry SPV I, LLC (hereinafter "Cavalry"). In support hereof, the Debtors show unto the Court the following:

1.  The Debtors filed a Chapter 13 proceeding on December 13, 2016.

2.  Cavalry filed proofs of claim in this case on April 14, 2017 (the "Proofs of Claim"). They are listed on the claims register as Claims #16, and 17.

3.  For claims based on an Open-End or Revolving Consumer Credit Agreement, like the one at issue, Rule 3001(c)(3)(B) requires that, upon written request by a party in interest, the holder of a claim provide the requesting party a copy of the writing, or, if the writing has been lost or destroyed, a statement of the circumstances of the loss or destruction.

4.  The Proofs of Claim represent debts based on a written contract. However, no writing is attached thereto.

5.  On May 22, 2017, the undersigned sent a letter to Cavalry demanding that it comply with the requirements of Rule 3001(c)(3)(B) within 30 days, which it failed to do. A copy of the May 22, 2017 letter is attached hereto and incorporated herein as "Exhibit A."

6.  The Proofs of Claim fails to comply with Rule 3001(c)(3)(B) because they do not include a copy of the writing on which the claim is based, or, if the writing has been lost or destroyed, a statement of the circumstances of the loss or destruction.

7.  Rule 3001(C)(2)(D)(ii) allows the Court to award reasonable expenses and attorney's fees caused by a creditor's failure to comply with this Rule. The undersigned believes $500.00 is a reasonable attorney fee that should be remitted to Kristen S.

Nardone by Cavalry for its failure to comply and the resulting Objection to Proof of Claim that was prosecuted.

8. Rule 3007(a) provides for the objection to a proof of claim. The Proofs of Claim should be disallowed because Cavalry has failed to produce the writing that would show that the Debtors owed money to Cavalry or a predececcessor.

9. Rule 3007(d)(6) allows for an omnibus objection to claims when the creditor files proofs of claim that are presented in a form that does not comply with applicable rules. Cavalry's Proofs of Claim do not comply with Rule 3001(c)(3)(B). The Debtors are unable to determine the validity of these claims because of this non-compliance.

WHEREFORE, the Debtors pray the Court enter an Order as follows:

1. That the proofs of claim filed by Cavalry SPV I, LLC, claims numbers 16, and 17, be disallowed; or

2. That the proofs of claim filed by Cavalry SPV I, LLC be allowed in an amount determined by the Court; and

3. That the Debtors' attorney be awarded attorney fees in the amount of $500.00 to be paid by Cavalry SPV I, LLC within 30 days of entry of any Order Granting Objection to Proofs of Claim; and

4. For such further relief as the Court shall deem just and proper.

This the 26th day of June, 2017.

/s/ Kristen S. Nardone
KRISTEN S. NARDONE
Attorney for Debtors
NC Bar No. 28063

OF COUNSEL:

Davis Nardone, PC
PO Box 1394
Concord, NC 28026

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
WINSTON SALEM DIVISION

In re:                                      )
                                            )
JOSEPH EDWARD PANKO, JR. and                )
SUSAN ADAMS PANKO,                          )
                Debtors.                    )
_____     )

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that she served the foregoing **OBJECTION TO PROOFS OF CLAIM** electronically, or when unavailable, by depositing a copy of the same in the United States mail, postage prepaid, addressed to the following parties:

Kathryn L. Bringle
Chapter 13 Trustee

William P. Miller
Bankruptcy Administrator

Joseph and Susan Panko
5210 Shoreview Drive
Concord, NC  28025

Cavalry SPV I, LLC
Attn: Alfred J. Brothers, CEO
500 Summit Lake Drive, Suite 400
Valhalla, NY 10595-2321

Cavalry SPV I, LLC
c/o CT Corporation System
160 Mine Lake Ct., Ste 200
Raleigh, NC 27615-6417

Cavalry SPV I, LLC
c/o Bass & Associates, PC
3936 E. Ft. Lowell Rd., Suite 200
Tucson, AZ 85712

This the 26th day of June, 2017.

/s/ Kristen S. Nardone
KRISTEN S. NARDONE
Attorney for Debtors
NC Bar No. 28063

### DAVIS NARDONE, PC
235 Cabarrus Avenue East
P.O. Box 1394
Concord, North Carolina 28026-1394

AMY S. DAVIS, ESQ.
KRISTEN NARDONE, ESQ.

Telephone: (704) 784-9440
Telecopier: (704) 721-5175
Email: Jessica@davisnardone.com

May 22, 2017

Cavalry SPVI, LLC
c/o Bass & Associates, P.C.
Attn: Christina Caballero
3936 E. Ft. Lowell Rd., Ste. 200
Tucson, AZ 85712

Re:   Request for Supporting Information for Claim pursuant to
      Federal Rule of Bankruptcy Procedure 3001
      Joseph Edward Jr. & Susan Adams Panko, MDNC Case No. 16-51288

To Whom It May Concern:

    You filed at least one proof of claim in the above-referenced bankruptcy proceeding.  No supporting written documentation evidence that the debtor(s) owe you any debt was attached thereto.

    Pursuant to Federal Rule of Bankruptcy Procedure 3001(2)(D)(3)(B), this letter shall serve as a demand for a writing specified under Rule 3001(c)(1) within 30 days of the date of this letter.  Failure to provide such a writing may result in the objection to your proof of claim and/or the seeking of sanctions against you.

Sincerely,

Kristen S. Nardone

# Exhibit  A